IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **TAVARRES HENDERSON** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 4:24-CV-000066-CDL-MSH |
| VS. | : | |
| | : | |
| **STATE OF GEORGIA PAROLE BOARD**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Tavarres Henderson, also known as Juhiiv Ali Muhammied, a prisoner at Rutledge State Prison in Columbus, Georgia, has filed a 42 U.S.C. § 1983 civil rights complaint. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 3. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED** for the reasons set forth below.

### I. DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision." A prisoner incurs a "strike" any

time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed approximately fifteen federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Henderson v. Augusta Jud. Cir.*, 1:20-CV-175 (S.D. Ga. Dec. 22, 2020) (dismissed for failure to state a claim); *Henderson v. Mastny*, 1:19-CV-017 (S.D. Ga. Feb. 7, 2019) (dismissed for failure to state a claim); *Henderson v. Mastny*, No. 19-12222-K (11th Cir. Oct. 21, 2019) (three-judge panel finding that appeal is frivolous and dismissing appeal); and *Henderson v. Roundtree*, 1:18-CV-063 (S.D. Ga. Apr. 3, 2018) (dismissed for failure to state a claim). Furthermore, Plaintiff has repeatedly been identified as a "three-striker" in subsequent suits. *See e.g., Henderson v. Green*, 3:23-CV-022 (S.D. Ga. Apr. 13, 2023); *Henderson v. Foolks*, 7:20-CV-210 (M.D. Ga. Dec. 7, 2020); *Henderson v. Social Security Administration*, 1:20-CV-250 (N.D. Ga. Apr. 1, 2020); *Henderson v. Bernard*, 4:24-CV-56 (M.D. Ga. May. 8, 2024).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Nowhere in Plaintiff's complaint does he provide any nonfrivolous facts suggesting that he is in imminent danger of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his complaint is **DISMISSED**. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## II. DISMISSAL AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or

3

officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as

frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id.* at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).

Here, Plaintiff names the Georgia Board of Pardons and Parole and its Commissioner, Terry Bernard, as Defendants. ECF No. 1 at 1 and 4. Plaintiff complains that on February 18, 2018, the Defendant "did unlawfully open five Bob Barker IRA Bank of America HeadHodge thirty year broker accounts under the Plaintiff Tavarres Henderson government name". ECF No. 1-1 at 1. Plaintiff claims this is placing him "in imminent danger & serious physical injury unless this Court do a Federal review of all aforesaid materrel (sic) facts alleged". *Id*. Plaintiff requests that this Court "advise the Federal Bureau of Investigation to do a full state & federal investigation" and he states that he "would like to prosecute".[1] *Id*. The violations of which Plaintiff complains are predicated upon allegations that are "fanciful, fantastic, irrational, and/or delusional." *See Porter v. Governor of the State of Fla.*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33). Thus, even when construed liberally and in his favor, Plaintiff's complaint is "without arguable merit either in law or fact", fails to satisfy the minimal standards of rationality required at the preliminary screening stage,

---

[1] The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987). Plaintiff, a private citizen, likewise has no power to originate criminal pleadings on his own initiative or otherwise prosecute them. *Id.*

5

and is subject to immediate dismissal. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Denton*, 504 U.S. at 32-33). Accordingly, Plaintiff's complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1).

Lastly, Plaintiff filed an essentially identical complaint last month that was also dismissed under the three strikes bar and as frivolous. *See Henderson v. Bernard*, 4:24-CV-56 (M.D. Ga., filed April 25, 2024). He has two other recent complaints in this Court that are also duplicative and frivolous. *See Henderson v. Carr*, 4:24-CV-64 (filed May 9, 2024); *Henderson v. Bernard*, 4:24-CV-67 (filed May. 13, 2024). This is a total of four complaints filed in this Court in less than a month that are either duplicative, frivolous, or both. Plaintiff is thus cautioned that the continuous filing of duplicative suits or frivolous and vexatious pleadings can lead to sanctions from this Court. The Eleventh Circuit has explained that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it is "'neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "Conditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons. Frivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants." *Id.* Accordingly, "district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." *Id.* These restrictions may include but are not limited to dismissals for abuse of the judicial process or a monetary penalty or a prohibition against future *pro se* filings pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See e.g.,* ECF No. 15 in *Daker v. Ward*, case #

6

5:22-cv-340-MTT-CHW (permanently enjoining an abusive litigant from filing any lawsuit in the United States District Court for the Middle District of Georgia without first posting a $1,500.00 contempt bond in addition to paying the required filing fee); ECF No. 15 in *Cobble v. Jones*, case # 4:16-cv-362-LAG-MSH (sanctioning abusive filer for a period of one year by barring him from any and all future *pro se* actions without obtaining prior judicial approval); *Cofield v. Alabama Public Service Commission,* 936 F.2d 512, 514-16 (11th Cir. 1991) (upholding a sanction barring future civil actions without prior approval of the court for a plaintiff with a history of frivolous litigation).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request to proceed *in forma pauperis* (ECF No. 3) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.[2]

**SO ORDERED**, this 13th day of May, 2024.

> S/Clay D. Land
> CLAY D. LAND, JUDGE
> UNITED STATES DISTRICT COURT
> MIDDLE DISTRICT OF GEORGIA

---

[2] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). This is an "appropriate case[]." *Id*. This case qualifies for such treatment because Plaintiff's allegations are "clearly baseless and without arguable merit in fact" and are therefore frivolous under 28 U.S.C. § 1915A(b)(1). *See Trevino v. Fla.*, 687 F. App'x 861, 862 (11th Cir. 2017); *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)). Furthermore, District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc*., 695 F2d 524, 526 n.3 (11th Cir. 1983); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008)).